UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHAN BRADLEY FOUTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DION, et al.,<br><br>　　　　　Defendants. | CASE NO. 3:23-CV-5594-RAJ-DWC<br><br>ORDER DECLINING TO SERVE |

Plaintiff Nathan Bradley Fouts, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by August 14, 2023, to cure the deficiencies identified herein.

**I.      Background**

Plaintiff, who is incarcerated at the Mason County Jail, alleges he was denied gabapentin after being prescribed the medication to treat his pain. *See* Dkt. 1. He seeks injunctive relief and punitive damages against Defendant Dion. *Id*.

## II.     Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

A.   <u>Eighth Amendment Claims</u>

Plaintiff, a pretrial detainee, alleges Defendants violated only his Eighth Amendment rights when they denied him his prescribed pain medication. Dkt. 1. The Eighth Amendment's protections are specifically concerned with unnecessary and wanton infliction of pain in penal institutions. *See Whitley v. Albers,* 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

Claims by pretrial detainees alleging violations of the right to adequate medical care are brought under the Fourteenth, not Eighth, Amendment. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). Plaintiff is a pretrial detainee; therefore, the protections of the Eighth Amendment do not apply and he cannot pursue an Eighth Amendment claim. Accordingly, the Court finds Plaintiff has not properly alleged any claims against Defendants.

    B.  <u>Failure to State a Claim</u>

Even if Plaintiff properly alleged Fourteenth Amendment violations, he has not stated a claim. As stated above, a pretrial detainee's right to adequate medical care arises under the due process clause of the Fourteenth Amendment. *Gordon*, 888 F.3d at 1120. The elements of such a claim are: (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125.

In the Complaint, Plaintiff states Defendants Dion and the Medical Director of Mason County Jail stopped administering Plaintiff's pain medication, gabapentin, without examining him or assessing his pain levels. Dkt. 1. As a result, Plaintiff experienced pain. *Id*. Plaintiff's allegations are vague and conclusory. For example, he does not adequately explain how Defendants made an intentional decision to stop his pain medication. Therefore, Plaintiff has not sufficiently alleged Defendants Dion and the Medical Director of Mason County Jail are liable under § 1983. As Plaintiff has not shown he suffered a violation of his constitutional rights by Defendants, he has failed to state a claim upon which relief can be granted.

1    C. <u>Mason County/State of Washington</u>

2    Plaintiff also states he is naming Mason County and the State of Washington as

3 defendants. Dkt. 1. He states Mason County and the State of Washington hired inadequate staff.

4 *Id*. at 11.

5    To set forth a claim against a municipality, such as Mason County, a plaintiff must show

6 the defendant's employees or agents acted through an official custom, pattern, or policy

7 permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity

8 ratified the unlawful conduct. *Monell*, 436 U.S. at 690-91. A plaintiff must show (1) deprivation

9 of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate

10 indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind

11 the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

12    Plaintiff has not alleged facts demonstrating Mason County is liable. *See* Dkt. 1. Rather,

13 Plaintiff has provided a conclusory statement that Mason County and/or the State of Washington

14 hired inadequate staff. If Plaintiff seeks to pursue a claim against Mason County, he must allege

15 facts sufficient to meet the required elements of a claim against a municipality, including

16 showing how Mason County violated his constitutional rights.

17    Regarding the State of Washington, the Eleventh Amendment bars federal actions against

18 a state brought by its own citizens, whether the relief sought is legal or equitable. *See* U.S. Const.

19 amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974) ("While the Amendment by its

20 terms does not bar suits against a State by its own citizens, this Court has consistently held that

21 an unconsenting State is immune from suits brought in federal courts by her own citizens as well

22 as by citizens of another State."). However, "[a] state may waive its immunity if it voluntarily

23 invokes the jurisdiction of a federal court or if it makes a 'clear declaration' that it intends to

24

submit itself to federal court jurisdiction." *In re Harleston,* 331 F.3d 699, 701 (9th Cir. 2003) (citation omitted). Here, there is no indication the State of Washington has waived sovereign immunity rights under the Eleventh Amendment. Therefore, the Court finds Plaintiff cannot state a claim upon which relief can be granted as to the State of Washington. *See Safouane v. Fleck*, 226 F. App'x 753, 760 (9th Cir. 2007) ("Washington state courts have held that the State of Washington has not waived its Eleventh Amendment immunity for purposes of actions under § 1983.").

### III. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve the Plaintiff's Complaint. However, the Court finds Plaintiff should be given leave to file an amended pleading to attempt to cure the deficiencies. Therefore, if Plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint on the form provided by the Court.

The amended § 1983 complaint must contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended

complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **August 14, 2023**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915A.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order to Plaintiff.

Dated this 14th day of July, 2023.

*[signature]*

David W. Christel
Chief United States Magistrate Judge