UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHAN BRADLEY FOUTS,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>DIANE HOULTON, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 3:23-CV-5594-RAJ-DWC<br><br>ORDER DENYING DISCOVERY MOTION |

On December 27, 2023, Plaintiff filed a motion docketed as a "Motion to Compel Discovery." Dkt. 36. Upon review, the Court concludes Plaintiff is not attempting to compel discovery, but rather he is attempting to serve discovery requests on Defendants.[1]

Under Federal Rule of Civil Procedure 34(a)(1), "[a] party may serve on any other party a request . . . to produce[.]" *See also* Local Civil Rule ("LCR") 5 ("[D]iscovery requests and responses must not be filed until they are used in the proceedings or the court orders filing."). To properly serve his discovery requests, Plaintiff must mail his discovery requests to Defendants'

---

[1] Because Plaintiff is attempting to serve discovery on Defendants, the Court finds a response from Defendants is not necessary prior to ruling on this Motion. As Plaintiff is an incarcerated *pro se* plaintiff, the Court encourages Defendants to respond to the discovery requests outlined in his Motion.

ORDER DENYING DISCOVERY MOTION - 1

1  counsel. In addition, to the extent Plaintiff is seeking a court order compelling Defendants to

2  provide discovery responses, his Motion does not comply with Local and Federal Rules. More

3  specifically, Plaintiff failed to certify he conferred or attempted to confer with Defendants'

4  counsel regarding the discovery dispute. *See* Dkt. 36; Fed. R. Civ. P. 37(a)(1); LCR 37(a)(1).

5  The certification requirement outlined in these rules is designed to encourage resolution of

6  discovery disputes informally and without court intervention.

7      Accordingly, Plaintiff's Motion to Compel (Dkt. 36) is denied.

8      Dated this 8th day of January, 2024.

*[signature]*

David W. Christel
Chief United States Magistrate Judge

ORDER DENYING DISCOVERY MOTION - 2