UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHAN BRADLEY FOUTS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DIANE HOULTON, et al.,<br><br>　　　　　　Defendants. | CASE NO. 3:23-CV-5594-RAJ-DWC<br><br>ORDER DENYING MOTION TO STAY DISCOVERY |

This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. Now before the Court is Defendants Mason County and Kevin Hanson's ("County Defendants") Motion to Stay Discovery. Dkt. 41.

The Court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The party requesting a stay [of discovery] bears the burden of showing that the circumstances justify an exercise of this Court's discretion." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (cleaned up). To obtain a stay of discovery, the moving party must show there is a "substantial case for relief on the merits." *Id.* at 1204. A court may relieve a party of the burdens of discovery while a dispositive motion is pending, so long as the motion can

ORDER DENYING MOTION TO STAY
DISCOVERY - 1

1  resolve the case without additional discovery or, at a minimum, resolves the issues for which
2  discovery is sought. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *DiMartini v.
3  Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989), *amended at* 906 F.2d 465 (9th Cir. 1990); *Ministerio
4  Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013).

5        Where the doctrine of qualified immunity is shown to be dispositive, a stay of discovery
6  is generally appropriate. *See Harlow v. Fitzgerald,* 457 U.S. 800, 817–19 (1982). This is because
7  qualified immunity is not simply immunity from liability but also immunity from suit. *Id.* Even
8  so, where qualified immunity presents a mixed question of law and fact, a plaintiff must be
9  afforded the opportunity to oppose a dispositive motion on qualified immunity grounds. *See
10  Thomas v. Hood*, No. C10-5369 RJB, 2010 WL 5185438, at *5 (W.D. Wash. Nov. 4, 2010),
11  *report and recommendation adopted*, No. 3:10-CV- 05369, 2010 WL 5211617 (W.D. Wash.
12  Dec. 16, 2010) (granting limited discovery on fact issues relevant to qualified immunity).

13        Here, County Defendants ask this Court to stay discovery based on an undeveloped
14  argument that a forthcoming motion for summary judgment will be dispositive of Plaintiff's
15  claims against them. Dkt. 41. But County Defendants have not provided the Court with sufficient
16  means to determine whether qualified immunity is case dispositive, whether the doctrine resolves
17  the issues for which Plaintiff seeks discovery, or whether further discovery will be necessary.
18  This is, in part, because County Defendants have not moved for summary judgment as of the
19  noting date for the instant motion.

20        Upon its own review of the record, the Court notes the protections of qualified immunity
21  apply only to individual capacity § 1983 claims for monetary damages. *Wood v. Moss*, 572 U.S.
22  744, 757 (2014). Here, Plaintiff brings individual and official capacity § 1983 claims against

County Defendants, seeking both monetary damages and injunctive relief. *See* Dkt. 13. Therefore, it is not clear whether qualified immunity doctrine will resolve this case in its entirety.

It is equally unclear whether qualified immunity will resolve all the issues for which Plaintiff seeks discovery. To prove his official capacity claim against County Defendants, Plaintiff must identify a Mason County policy or practice that harmed him. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997). In their motion, County Defendants failed to discuss Plaintiff's discovery requests with any degree of specificity. Nevertheless, in a prior discovery request filed with the Court, Plaintiff requested copies of a Mason County Jail policy he believes contributed to his injuries. Dkt. 36, ¶ 2. This discovery request is relevant to Plaintiff's official capacity claim against the County Defendants, and Defendants have not shown why they should be shielded from such discovery because they may be immune from suit in their individual capacity.

In sum, County Defendants have not carried their burden to demonstrate a stay of discovery is warranted. Accordingly, their motion to stay discovery (Dkt. 41) is denied without prejudice.

Dated this 30th day of January, 2024.

David W. Christel
Chief United States Magistrate Judge

ORDER DENYING MOTION TO STAY
DISCOVERY - 3