The Honorable Richard A. Jones
The Honorable David W. Christel

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHAN BRADLEY FOUTS,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>MASON COUNTY, et al,<br><br>　　　　　　　　Defendants. | NO. 3:23-cv-05594-RAJ-DWC<br><br>MASON COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>**Noted for: Friday, March 1, 2024**<br><br>**Without Oral Argument** |

Defendants Mason County and Kevin Hanson ("Mason County Defendants"), hereby move for summary judgment, seeking dismissal of Plaintiff's claims. The record establishes that there are no genuine issues of material fact and Mason County Defendants are entitled to judgment as a matter of law.

## I.　　INTRODUCTION

This matter arises from inmate Nathan Fouts' suit against Mason County and Mason County Jail Chief Kevin Hanson. Fouts alleges Mason County and its staff violated his Eighth Amendment rights when they failed to adequately treat his chronic pain. Dkt. 13 at 6-7. He argues the Mason County Jail medical staff's refusal to give him the medication he desires represented deliberate indifference to his serious medical need, and he seeks injunctive relief in the form of changing Mason County Jail Policy, replacing 'unqualified' staff, and increasing his prescription to 600 mg of Gabapentin three times a day.

**MASON COUNTY DEFENDANTS' MOTION**
**FOR SUMMARY JUDGEMENT – 1**
**Cause No.:  3:23-cv-05594-RAJ-DWC**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

Dkt. 13 at 15. Fouts also seeks $1.5 million dollars in combined money damages. Dkt. 13 at 15. For the reasons that follow, Mason County Defendants now move for summary judgment.

## II.  FACTS AND PROCEDURAL HISTORY

Fouts was previously incarcerated at the Mason County Jail. He claims he has Legg-Calvé-Perthes disease, a condition which causes pain if he walks or sits for long periods of time. Dkt. 13 at 6-7. On June 25, 2023, Fouts visited a provider, complaining that Ibuprofen, Acetaminophen, and Naproxen no longer adequately controlled his pain. He demanded, and was given, Gabapentin.[1] Dkt. 13 at 7. The following day, however, Fouts was informed by Nurse Diane Houlton that, after review, the Medical Director had determined Gabapentin was unnecessary and that Tylenol and Ibuprofen would suffice. Dkt. 13 at 7.

On July 7, 2023, Fouts declared a medical emergency. Dkt. 13 at 7. Nurse Houlton responded and determined the situation was not serious. Dkt. 13 at 7. Upset that he did not receive the medication he wanted, Fouts immediately declared a medical emergency again but received no response. Dkt. 13 at 8.

The next day, Fouts again saw a medical provider. Dkt. 13 at 8. He was placed on Gabapentin at the lowest possible dose. Dkt. 13 at 8. Fouts argues the jail's refusal to give him the medication he desired between June 25, 2023 and July 8, 2023 constituted deliberate indifference to his serious medical need in violation of the Eighth and Fourteenth Amendments.

Fouts does not allege that Jail Chief Kevin Hansen was involved in the medical decision making of which he complains. Instead, he merely argues Chief Hansen "has the ability to change medical staff

---

[1] Gabapentin, sold under the brand name Neurontin, is an anticonvulsant used primarily to treat nerve pain. Aspenridge Recovery, *Street Value of Gabapentin*, available at https://www.aspenridgerecoverycenters.com/street-value-of-gabapentin/ (last visited Feb. 7, 2024). While not an opioid, Gabapentin behaves similarly and is frequently used as a painkiller. *Id*. Due to a spike in Gabapentin-related fatalities, states like Ohio, Kentucky, and West Virginia have recently reclassified Gabapentin as a Schedule V controlled substance. *Id*. Because it is also used to aid in combating alcohol and cocaine withdrawals – and because it can prolong highs received from other illicit substances – Gabapentin has a high street value and is even more valuable inside prison and jail facilities.

**MASON COUNTY DEFENDANTS' MOTION**
**FOR SUMMARY JUDGEMENT – 2**
**Cause No.:  3:23-cv-05594-RAJ-DWC**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

of company they contract with" (sic) and that "after numerous grievances, he knows what is going on." Dkt. 13 at 9. Fouts complains that Chief Hansen's failure to intervene in his favor in the medical decision making process "is a direct sign of deliberate indifference" because he argues the jail's medical staff are "unqualified." Dkt. 13 at 9.

On December 27, 2023, Fouts was transferred to DOC custody at the Washington Corrections Center (WCC) in Shelton. Dkt. 35 at 1. He was subsequently transferred again from WCC to Coyote Ridge Correctional Center (CRCC). Dkt. 45. As a result, he has not been incarcerated at the Mason County Jail for over six weeks, and he is not likely to return.

### III. ISSUES PRESENTED

1. **Does Fouts' move to a new facility render his claims for injunctive and declaratory relief moot?**

2. **Do Fouts' Allegations State a Claim against Mason County?**

3. **Do the Eighth or Fourteenth Amendments Require Mason County Defendants to Provide Fouts with His Preferred Drugs?**

4. **Is Jail Chief Hanson Entitled to Qualified Immunity From Fouts' claims?**

### IV. STANDARD OF REVIEW

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir. 1975). The moving party is entitled to summary judgment if the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment must show that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L.Ed.2d

**MASON COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT – 3**
**Cause No.: 3:23-cv-05594-RAJ-DWC**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480 FAX: (360) 357-3511*

265 (1986). To determine if summary judgment is appropriate, the court considers whether a particular fact is material and whether there is a genuine dispute as to that fact left to be resolved. Factual disputes that do not affect the outcome of the suit under governing law are not considered. *Id*. Where there is a complete failure of proof concerning an essential element of the non-moving party's case, all other facts are immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 324; *see also Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 110 S. Ct. 3177, 111 L.Ed.2d 695 (1990).

Once the moving party has carried its burden, an opposing party must do more than simply show some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). "A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001). As a result, "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Genuine issues of material fact are not raised by conclusory or speculative allegations. *Lujan*, 497 U.S. at 871. The purpose of summary judgment is not to replace conclusory allegations in pleading form with conclusory allegations in an affidavit. *Id*. at 888; *Anderson*, 477 U.S. at 249.

## V.     ARGUMENT

**A.     Fouts' Transfer to a New Facility Renders His Claims for Injunctive Relief Moot.**

Because Fouts has been transferred out of the Mason County Jail and into the custody of DOC, he is no longer being treated at the Mason County Jail, nor his he subject to the conditions of confinement about which he complains. Fouts' claims should therefore be dismissed as moot.

**MASON COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT – 4**
Cause No.: 3:23-cv-05594-RAJ-DWC

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

Article III of the constitution limits the jurisdiction of the federal courts to cases and controversies. *Pub. Util. Comm'n of State of Cal. v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). "When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the same prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot." *Flowers v. Ahern*, 650 F.Supp.2d 988 (N.D. Cal. 2009) (citing *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995)). Courts determine mootness based on the circumstances at the present time, not when the complaint was filed. *Dow Jones & Co., Inc. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001).

Even if Fouts had identified some sort of illegal conduct on the part of the Mason County Jail or its custody staff – and he has not – past exposure to illegal conduct is insufficient to show an ongoing case or controversy in a claim for injunctive or declaratory relief. *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985). To the contrary, "a continuing, present injury or real and immediate threat of repeated injury" is necessary for a live controversy. *Id* (citing *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir.1984) and *Holland v. Purdy*, 457 F.2d 802 (5th Cir.1972)). Future injury must also be immediate and real, not merely speculative. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 103 S. Ct. 1660, 75 L.Ed.2d 675 (1983).

Here, Fouts seeks injunctive relief in the form of changes to Mason County Jail Policy, replacement of jail staff that he deems "unqualified," and an order increasing his prescription to 600 mg of Gabapentin three times a day. Dkt 13 at 15. These remedies are beyond the power of the Court to grant[2] and, in any event, are moot given the fact that Fouts is no longer incarcerated at the Mason County Jail.

On December 27, 2023, Fouts was transferred to DOC custody at the Washington Corrections Center in Shelton. Dkt. 35. He has since been transferred to Coyote Ridge Corrections Center (CRCC).

---

[2] *See* RCW 69.50.308 (requiring prescriptions to be issued only by licensed physicians).

**MASON COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT – 5**
**Cause No.: 3:23-cv-05594-RAJ-DWC**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

Dkt. 45. Thus, any purported injury or allegedly unlawful conduct to which Fouts was subjected at the Mason County Jail will no longer affect him. Fouts therefore lacks an immediate and real threat of injury, and his claims for injunctive relief should be dismissed as moot.

**B.     Fouts's Claims for Monetary Relief Fail As A Matter of Law.**

Though he does not explicitly say so, Fouts's constitutional claims are presumably brought under 42 U.S.C. § 1983. To state a claim under § 1983, Fouts must show (1) that the defendant was a person acting under color of state law, and (2) that his or her conduct deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L.Ed.2d 420 (1981). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87, 429 U.S. 274, 50 L.Ed.2d 471 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 499 U.S. 975 (1980).  When a plaintiff fails to allege or establish one or more of the three elements, his or her claim must be dismissed.

**1.     Fouts Fails To State A Claim Against Mason County**

Fouts fails to state a claim against Mason County because he identifies no county policy or custom that was the moving force behind the constitutional violation he alleges. Accordingly, Mason County is entitled to summary judgment.

Counties are not "persons" for purposes of § 1983 unless a constitutional violation results from an official policy or custom. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)). "A policy or custom is considered a 'moving force' behind a constitutional violation if both causation-in-fact and proximate causation can be established." *Palm v. Los Angeles Dept. of Water & Power*, 2015 WL 4065087 at *2 (C.D. Cal. 2015) (citing *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008)).

**MASON COUNTY DEFENDANTS' MOTION**
**FOR SUMMARY JUDGEMENT – 6**
**Cause No.:  3:23-cv-05594-RAJ-DWC**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

Here, Fouts identifies neither a colorable constitutional violation nor a county policy, practice, or custom that was the moving force behind the violation he alleges. He argues that Mason County Jail Policy 619.3.3 "stops medical grievances at LT or Chief, witch (sic) are not qualified medical professionals," but he fails to explain how that policy – which confines medical decision making to medical professionals – proximately caused any of the violations he alleges. In any case, Fouts's failure to demonstrate a constitutional violation at all is fatal to any claim against Mason County under 42 U.S.C. § 1983. Fouts's claims against Mason County should therefore be dismissed.

### 2. Fouts' Claim Against Chief Hansen is Barred By Qualified Immunity

Qualified immunity protects government officials from liability "for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982). In determining whether Chief Hansen is entitled to qualified immunity, the court engages in a two-part analysis, looking to whether the alleged facts implicate a violation of a constitutional right, and whether the right was "clearly established" at the time of the alleged violation. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001). The Court may consider those factors in any order it chooses. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 172 L.Ed.2d 565 (2009).

#### a. Fouts Fails to Show Personal Participation on the Part of Chief Hansen

To prevail on a claim under § 1983, Fouts must show "an actual connection or link between each defendant's actions and the harm allegedly done to the plaintiff." *Hartmann v. Cal. Dept. of Corr. & Rehab*, 2010 WL 1729757 (E.D. Cal. 2010) at *5 (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978) and *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed.2d 561

MASON COUNTY DEFENDANTS' MOTION
FOR SUMMARY JUDGEMENT – 7
Cause No.: 3:23-cv-05594-RAJ-DWC

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

(1976)). While Fouts' complaint names Jail Chief Hansen as a defendant, however, he fails to identify any specific action on the part of Chief Hansen giving rise to liability under 42 U.S.C. § 1983.

To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, in order to maintain a § 1983 claim, a plaintiff must demonstrate that the particular defendant has caused or personally participated in causing the deprivation of a particular constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355, (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

The inquiry into causation must be individualized and must focus on the duties and responsibilities of each defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Rizzo*, 423 U.S. at 370-71. Sweeping conclusory allegations against an official are insufficient to state a claim. Rather, the plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Rizzo*, 423 U.S. at 371. The requisite causal connection can be established either by detailing a defendant's direct personal participation in an act or omission, or by demonstrating that a defendant knowingly set in motion a series of acts by others that the defendant knew or should have known would cause the others to inflict a constitutional injury upon the plaintiff. *Johnson*, 588 F.2d at 743-44. Liability under § 1983 cannot be predicated on respondeat superior. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989); *Monell*, 436 U.S. at 691.

Here, Fouts identifies no personal action on the part of Chief Hanson that proximately caused the pain he alleges he experienced. The only involvement Chief Hanson appears to have had in any of the

MASON COUNTY DEFENDANTS' MOTION
FOR SUMMARY JUDGEMENT – 8
Cause No.: 3:23-cv-05594-RAJ-DWC

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

violations Fouts alleges was that he communicated with Fouts as part of the jail's administrative grievance process. Dkt. 13 at 9. That, however, is not sufficient to state a claim under § 1983.

"Liability in a § 1983 action may not be based on the actions of prison personnel in reviewing a prisoner's administrative appeal." *Hartmann*, 2010 WL 1729757 at *7 (E.D. Cal. 2010) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)). Thus, "[e]ven if a plaintiff's underlying complaint gives rise to a constitutional violation, a hearing officer does not violate the constitution by failing to acknowledge and cure it." *Id*. (citing *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007)). *See also Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005) (holding that complaint examiners who processed and investigated plaintiff's grievances could not be liable under § 1983).

Fouts dissatisfaction with the jail's choice of medical provider is not a basis for liability. He offers no support for his conclusory, ad hominem attacks against the jail's medical staff, and the Court should disregard them. Regardless, Fouts identifies no personal action on the part of Defendant Hanson that resulted in him being denied the medication he desired. This is unsurprising, since Chief Hansen is not a licensed medical professional, is not member of the jail's medical staff, and is not a party to any medical decision-making. Fouts therefore fails to identify a constitutional violation on the part of Chief Hanson.

### b.     Chief Hanson Is Entitled to Qualified Immunity

Even if he could demonstrate that denying him the medication he desired represented a constitutional violation, Fouts points to no case law clearly establishing that a non-medical professional jail administrator's failure to intervene on his behalf to get him the medication or treatment he desired violates clearly established law. Absent such case law, Chief Hansen is entitled to qualified immunity.

Fouts premises his argument on the Eighth Amendment's proscription against cruel and unusual punishment. But to prove that his medical treatment was constitutionally deficient under the Eighth

MASON COUNTY DEFENDANTS' MOTION
FOR SUMMARY JUDGEMENT – 9
Cause No.: 3:23-cv-05594-RAJ-DWC

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

Amendment, Fouts must establish (1) a "serious medical need," and (2) deliberate indifference to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). And deliberate indifference is evidenced only when prison officials know of and consciously disregard an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994). It is not enough for prison officials to merely be aware of facts from which they could draw an inference that a substantial risk of serious harm exists; they must also actually draw the inference and proceed in conscious disregard of it. *Id*. Rather, prison officials violate their obligation only by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976).

In assessing whether prison officials acted with the requisite mindset, the focus is on what they actually perceived, not what he or she should have known. *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). The official must (1) be actually aware of the facts, (2) draw the inference, and (3) nevertheless disregard the risk to the prisoner's health, in order for a deliberate indifference violation to occur.

Here, Fouts points to nothing but his own self-serving testimony in support of his claim that the jail medical staff's decision to give him Ibuprofen and Tylenol rather than the Gabapentin he desired caused him prolonged, extreme pain. But the type and dosage of pain medication prescribed is a medical decision as to the appropriate course of treatment. Jails and their medical staff properly approach the prescription of potent painkillers with circumspection. Such circumspection in prescriptions is appropriate to ensure the prisoner's safety and to prevent misuse. It also promotes safety and order in the jail by limiting the introduction of contraband. The decision of an initial provider to prescribe a medication, at a certain dosage, does not create a vested right to receive that medication. It is merely an initial decision which can be reviewed and altered by those with the authority to do so. Here, Fouts merely alleges he was more

**MASON COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT – 10**
Cause No.: 3:23-cv-05594-RAJ-DWC

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

amenable to an initial determination as to the appropriate course of treatment than to a later one. Dkt 13 at 6-7. That, however, does not state a claim under the Eighth Amendment.

It is well-established that a difference of opinion between a prisoner and prison medical staff concerning the proper course of treatment does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 105-07; *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding that "[a] difference of opinion between prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim"). Fouts points to no case law – and none exists – for the proposition that he is constitutionally entitled to the treatment or medication of his choice. No reasonably prudent prison official would believe that to be the state of the law, and there is no evidence Chief Hansen violated any clearly established law. As such, Chief Hansen is entitled to qualified immunity.

## VI. CONCLUSION

Fouts' transfer to a different prison renders his claims for injunctive relief moot. He likewise fails to state a claim against Mason County or Chief Hanson under the Eighth or Fourteenth Amendments. His allegations represent nothing more than his disagreement with jail medical staff as to the appropriate course of his treatment and a belief that he is entitled to see a provider on demand. Such a disagreement is not a sufficient basis for a deliberate indifference claim, and Fouts has no such entitlement.

The fact that Fouts wants more Gabapentin, and he wants it now, is no basis for a § 1983 claim. He cites no evidence that an excessive risk existed. He offers no proof that such a risk was perceived. And he has failed to establish that such a risk was ignored. He therefore has failed to establish a sufficiently culpable state of mind. Rather than be ignored, Fouts's own complaint establishes that his pain was treated seriously, albeit with circumspection. In any case, Fouts cites no facts establishing deliberate indifference on the part of Chief Hansen for medical decision making that he had no part of, nor does he demonstrate

**MASON COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT – 11**
**Cause No.: 3:23-cv-05594-RAJ-DWC**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

liability on the part of Mason County. Accordingly, Mason County and Chief Hanson request that the totality of Fouts' claims be dismissed with prejudice.

In accordance with Local Rule 7(e)(3), undersigned counsel certifies that this memorandum contains 3,732 words.

Dated this 8th day of February, 2024.

LAW, LYMAN, DANIEL, KAMERRER
& BOGDANOVICH, P.S.

*/s/ Michael J. Throgmorton*
*/s/ Jakub L. Kocztorz*
MICHAEL J. THROGMORTON, WSBA #44263
JAKUB L. KOCZTORZ, WSBA #61393
Attorney for Defendants Mason County and Kevin Hanson
2674 RW Johnson Rd., Tumwater, WA 98512
P.O. Box 11880 Olympia WA 98508-1880
Telephone: (360) 754-3480  Fax: (360) 754-3511
E-mail: mthrogmorton@lldkb.com

**MASON COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT – 12**
**Cause No.: 3:23-cv-05594-RAJ-DWC**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

# CERTIFICATE OF FILING & SERVICE

I hereby certify under penalty of perjury under the laws of the United States of America that on this date, I caused to be electronically filed the foregoing document, and this Certificate of ECF Filing & Service, with the Clerk of the Court using the CM/ECF system which will serve the same to the following via the portal:

**Plaintiff Pro Se:**

Nathan B. Fouts – Inmate No. 323460
Coyote Ridge Corrections Center
1301 N Ephrata Ave; Connell, WA 99326
doccrccinmatefederal@DOC1.WA.GOV

**Attorney for Defendant:**

John C. Versnel, III. WSBA No. 17755
Sara R. Shapland, WSBA No. 49775
LEE SMART, P.S., Inc.
701 Pike Street, Suite 1800
Seattle, WA 98101
Attorneys for Defendant Diane Houlton
jcv@leesmart.com
srs@leesmart.com

DATED this 8th day of February 2024, at Tumwater, WA.

 /s/ Lisa Gates
Lisa Gates, Paralegal

MASON COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT – 13
Cause No.: 3:23-cv-05594-RAJ-DWC

LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511