UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHAN BRADLEY FOUTS,

        Plaintiff,

v.

DIANE HOULTON, et al.,

        Defendants.

CASE NO. 3:23-CV-5594-RAJ-DWC

ORDER DENYING THIRD MOTION TO APPOINT COUNSEL

    Plaintiff Nathan Bradley Fouts, proceeding *pro se* and *in forma pauperis*, has filed a third motion for court-appointed counsel in this 42 U.S.C. § 1983 action. Dkt. 42.

    There is no constitutional right to court-appointed counsel in § 1983 actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Instead, "[a]ppointment of counsel under this section is discretionary, not mandatory." *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995)"). A district court may exercise its discretion to appoint counsel for indigent civil litigants only in exceptional circumstances. *See* 28 U.S.C. § 1915(e)(1); *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court evaluates "the likelihood of

ORDER DENYING THIRD MOTION TO
APPOINT COUNSEL - 1

success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). When requesting court-appointed counsel, a plaintiff must show he is unable to grasp the legal issues involved in his case and unable to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, Plaintiff does not argue he is unable to grasp the legal issues involved in this case or unable to articulate the factual basis of his claims. Instead, he states he requires assistance of counsel to engage in discovery and to set up a conference with defense counsel.[1] Dkt. 42. Discovery is a routine process that occurs in all litigation, it is not an extraordinary circumstance necessitating the appointment of counsel. Accordingly, Plaintiff's third motion for court-appointed counsel (Dkt. 42) is denied.

Dated this 9th day of February, 2024.

David W. Christel
Chief United States Magistrate Judge

---

[1] Given Plaintiff's statement he has found it difficult to communicate with defense counsel regarding discovery, attorneys for all defendants are reminded of their obligation to respond in good faith to any discovery requests made by Plaintiff.

ORDER DENYING THIRD MOTION TO
APPOINT COUNSEL - 2