UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHAN BRADLEY FOUTS,<br><br>            Plaintiff,<br>  v.<br><br>DIANE HOULTON, et al.,<br><br>            Defendants. | CASE NO. 3:23-CV-5594-RAJ-DWC<br><br>ORDER ON MISCELLANEOUS MOTIONS |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently before the Court are Plaintiff Nathan Fouts' motion for an extension of time to complete discovery (Dkt. 51) and his motion to stay summary judgment until discovery is complete (Dkt. 52).[1]

**I. DISCUSSION**

On February 8, 2024, Defendants filed a motion for summary judgment on all claims. Dkt. 46. Plaintiff believes he cannot oppose Defendants' motion without engaging in further discovery. *See* Dkts. 51, 52. Although he does not explicitly reference the rule in his motions,

---

[1] Because his argument in support of both motions is now moot, Plaintiff's motions are properly considered before the noting date.

ORDER ON MISCELLANEOUS MOTIONS - 1

Plaintiff seeks relief under Rule 56(d) of the Federal Rules of Civil Procedure, which permits a court to defer or deny a pending motion for summary judgment when additional discovery is required. Defendants oppose Plaintiff's request for Rule 56(d) relief on futility grounds, arguing no amount of discovery will save his claims.[2]

To assess the propriety of Plaintiff's request, it is necessary to first address the nature of Defendants' arguments for summary judgment. Consistent with their position no discovery is needed to resolve this case, Defendants' motion for summary judgment focuses exclusively on the sufficiency of the pleadings and matters for which the Court may take judicial notice. *See* Dkt. 46. As such, on February 23, 2024, the Court ordered Defendants to show cause why their motion should not be considered a motion for judgment on the pleadings, rather than one for summary judgment. Dkt. 55. In response to the show cause order, Defendants agreed their motion was better treated as a motion for judgment on the pleadings. Dkt. 56. Therefore, the Court construes Defendants' motion for summary judgment (Dkt. 46) as one for judgment on the pleadings and directs the Clerk of Court to update the docket to reflect this change.

Unlike with motions for summary judgment where the entire evidentiary record is considered, when reviewing motions for judgment on the pleadings, the Court considers only (1) the pleadings, (2) documents incorporated by reference into the complaint, and (3) information "contained in materials of which [it] may take judicial notice." *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Accordingly, Plaintiff's argument he requires additional discovery before he

---

[2] Defendants also argue Plaintiff has waived the ability to engage in additional discovery by failing to make discovery requests. Dkt. 53, at 3; Dkt. 54, at 3–4. This argument ignores Plaintiff did seek discovery from Defendants, albeit using the wrong procedure, and is therefore without merit. On December 27, 2023, Plaintiff filed his discovery requests on the docket as a motion to compel discovery. Dkt. 36. In denying the premature motion to compel, the Court noted Plaintiff's status as an inexperienced, *pro se* litigant and "encourage[d] Defendants to respond to the discovery requests" outlined in the motion. Dkt. 39.

1  can properly respond in opposition to Defendants' motion is inapplicable to a motion for

2  judgment on the pleadings. Therefore, since the motion for an extension of time to complete

3  discovery (Dkt. 51) and the motion to stay summary judgment until discovery is complete (Dkt.

4  52) are both based on this argument the Court denies both motions (Dkt. 51 and 52) as moot. Dkt.

5  51, 52.

## II.  CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment (Dkt. 46) is converted to a motion for judgment on the pleading, and the Clerk of Court is directed to update the motion title on the docket. Consequently, Plaintiff's motion for an extension of time to complete discovery (Dkt. 51) and his motion to stay summary judgment (Dkt. 52) are denied as moot. Nevertheless, Plaintiff is granted an additional 14 days to respond to Defendants' motion for judgment on the pleadings. Defendants must file any reply on or before March 22, 2024. The Clerk of Court is directed to renote the motion for judgment on the pleadings (Dkt. 46) for consideration on March 22, 2024.

Dated this 26th day of February, 2024.

David W. Christel
Chief United States Magistrate Judge

ORDER ON MISCELLANEOUS MOTIONS - 3